UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BILL CANNON,<br><br>                              Plaintiff,<br><br>   - against -<br><br>BUMBLE BEE FOODS, LLC<br><br>                              Defendant. | Docket No. 1:17-cv-8125<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Bill Cannon ("Cannon" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Bumble Bee Foods, LLC ("Bumble" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyright photograph the Hill to Hill Bridge in Bethlehem, Pennsylvania, owned and registered by Cannon, a professional photographer. Accordingly, Cannon seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant transacts business in New York and is registered to do business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Cannon is a professional photographer in the business of selling his photographs for a fee, having a usual place of business at 4204 Houghton Street, Philadelphia, Pennsylvania 19128.

6. Upon information and belief, Bumble is a foreign limited liability company duly organized and existing under the laws of the State of Delaware, with a place of business at 280 10th Avenue, San Diego, California 92101. Upon information and belief, Bumble is registered with the New York State Division of Corporations to do business in New York. At all times material hereto, Bumble has owned and operated a website at the URL: www.BumbleBee.com (the "Website").

## STATEMENT OF FACTS

**A. Background and Plaintiff's Ownership of the Photograph**

7. Cannon photographed the Hill to Hill Bridge in Bethlehem, Pennsylvania (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Cannon is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9. The Photograph was registered with the United States Copyright Office and was given Registration Number VA 2-023-540.

**B. Defendant's Infringing Activities**

10. Bumble copied the Photograph and placed it on their Website. See http://www.bumblebee.com/the-hill-to-hill-bridge-bethlehem-pa-bill-cannon-jpg/. A true and correct copy of the Photograph on the Website is attached here to Exhibit B.

11. Bumble did not license the Photograph from Plaintiff for its Website, nor did Bumble have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST BUMBLE)**
**(17 U.S.C. §§ 106, 501)**

12. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13. Bumble infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Bumble is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

14. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15. Upon information and belief, the foregoing acts of infringement by Bumble have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST BUMBLE**
**(17 U.S.C. § 1202)**

17. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-16 above.

18. When the Photograph was first published on Cannon's website it contained copyright management information protected under 17 U.S.C. § 1202(b). See Exhibit C.

19. Upon information and belief, intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

20. The conduct of Bumble violates 17 U.S.C. § 1202(b).

21. Bumble's removal of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

22. Upon information and belief, the removal of said copyright management information was made by Bumble intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Bumble also knew, or should have known, that such removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

23. As a result of the wrongful conduct of Bumble as alleged herein, Plaintiff is entitled to recover from Bumble the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Bumble because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

24. Alternatively, Plaintiff may elect to recover from Bumble statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Bumble be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Bumble be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That, with regard to the First Claim for Relief, Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
October 22, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Bill Cannon*
